**B. RAY ROBBINS CO., Appellant,**

**v.**

**VALLEY NATIONAL BANK OF ARIZONA, Appellee.**

**No. 19195.**

United States Court of Appeals
Ninth Circuit.

Oct. 29, 1964.

Rehearing Denied Dec. 9, 1964.

McKesson, Renaud & Cook, Phoenix, Ariz., A. S. Johnston, III, Biloxi, Miss., for appellant.

Peter Kiewit, Jr., William D. Baker, Rawlins, Ellis, Burrus Kiewit, Phoenix, Ariz., for appellee.

Before HAMLIN, JERTBERG, and DUNIWAY, Circuit Judges.

HAMLIN, Circuit Judge.

B. Ray Robbins Co., a New York corporation, appellant herein, filed an action in the United States District Court for

the District of Arizona against Valley National Bank of Arizona, a national banking association, appellee herein, and Anthony Vaccaro, seeking to recover the sum of $30,000. After the filing of said action Vaccaro was adjudicated a bankrupt and the action was stayed as to him.

After a trial to the court, a jury having been duly waived, the district court rendered a judgment in favor of appellee. A timely appeal was taken to this court which has jurisdiction by reason of 28 U.S.C. § 1291 et seq.

The facts show that Anthony Vaccaro was indebted to appellee by reason of certain loans theretofore made to him by appellee. He was seeking a further loan from appellee and was informed by appellee that such loan would not be granted unless such further loan was secured. It appears that Vaccaro then talked by telephone to one McCabe in New York concerning a method of raising money. McCabe mentioned a time deposit. Vaccaro told McCabe to talk to Nesbitt, a vice president of appellee, and that he (Vaccaro) would do what Nesbitt told him. On August 10, 1960, Nesbitt wired McCabe as follows:

"We will accept a time deposit in the amount of $30,000 for a term of one year bearing interest at 3% per annum pledged as security on a loan in like amount for Anthony Vaccaro.

"H. W. NESBITT
Vice President
Valley National Bank"

It appears further that thereafter McCabe talked with appellant in New York concerning the transaction. Thereafter on August 23, 1960, appellant without contacting Vaccaro or appellee delivered a certified check in the sum of $30,000 to the Bank of New York in New York, with which bank appellee had an account. On the same day the Bank of New York wired appellee that it was crediting appellee in its bank with $30,000 by order of Anthony Vaccaro.

On receipt of this wire appellee contacted Vaccaro, granted him a $30,000 loan, issued a $30,000 certificate of deposit in his name which Vaccaro endorsed in blank and returned it to appellee as security for the loan. On Vaccaro's signing a note for $30,000 this sum was deposited in Vaccaro's account which prior to that time had been overdrawn in the sum of approximately $17,000. This transaction was completed between appellee and Vaccaro not later than August 24, 1960. About a week later, on August 30, 1960, appellee received a letter from appellant dated August 23, 1960, addressed to Mr. Nesbitt, which stated that it that day had delivered to the Bank of New York a certified check in the sum of $30,000 to be deposited to appellee's account and that

"Negotiable Certificates of Deposit, paying 3% per annum maturing in twelve months, are to be issued, free from all encumbrances of any kind whatsoever and not to be considered as collateral or security for any loan now or hereafter made by the bank, in the names of the following:

| | |
|---|---|
| Principal Investing Corp. | $ 5,000 |
| Inez Russo | 10,000 |
| Floyd B. Gregory or Letha M. Gregory | 5,000 |
| Gold Pure Food Products Co., Inc. | 10,000 |

"Please mail all Certificates to us."

This was the first contact between appellant and appellee. At the time of the receipt of this letter by appellee the transaction between Vaccaro and appellee had been completed, and at the time of the completion of the transaction appellee had no knowledge of appellant or of its interest or participation in the transaction. Also as of August 23, 1960, neither appellee nor Vaccaro had requested appellant to furnish a compensating balance.

Appellant has advanced several theories to support his claim, none of which is supported by the evidence or by the court's findings.

In the complaint appellant alleged that it "was requested to make and did so make a compensating balance deposit with" appellee. If this was intended to

allege that appellee made such a request, there is no evidence in the record to support such a claim. In the trial court appellant then argued that McCabe was appellee's agent and that he made a material misrepresentation to appellant to induce appellant's action. Appellant has pointed to no evidence in the record which would show that McCabe was appellee's agent. The district court found that McCabe was "acting on behalf of someone other than defendant Bank" (appellee). The evidence supports this finding.

On appeal appellant argues that it can recover under Restatement, Restitution § 28(c) (1936) on the ground that the mistake was induced by material representation of McCabe who purported to be an agent of appellee. Section 28 reads as follows:

"A person who has paid money to another because of a mistake of fact and who does not obtain what he expected in return is entitled to restitution from the other if the mistake is induced: (a) by the fault of the payee, or (b) by his innocent and material misrepresentation, or (c) by the fraud or material misrepresentation of a person purporting to act as the payee's agent, or (d) by the fraud or material mis-representation of a third person, provided that the payee has notice of the fraud or representation before he has given or promised something of value."

The record does not show that McCabe ever purported to be acting for appellee. Section 28(c) therefore cannot apply. Section 28(d) also is completely inapplicable because appellee made a loan to Vaccaro before it received notice of any claimed mistake.

Among other findings made by the district court were the following:

"14. That at no time material to the issues of this case was there an agreement between plaintiff and defendant Bank that said Thirty Thousand and no/100 Dollars ($30,-000.00) should be used as a compensating balance by defendant Bank, and certificates of deposit issued by defendant Bank in accordance with plaintiff's instructions.

"15. That defendant Bank was not at any time material to the issues of this case acting under a mistake as to its understanding with the defendant Vaccaro."

From its findings of fact the district court made certain conclusions of law which are set out in the margin.[1]

---

[1] "CONCLUSIONS OF LAW

"1. That plaintiff was acting under a mistake as to the terms and conditions of the understanding between the defendant Vaccaro and the defendant Bank; that defendant Bank was not acting under any mistake; that the defendant Bank made no misrepresentation regarding this transaction to any one concerned with this transaction; that there was no ambiguity in the terms of the understanding between the defendant Bank and defendant Vaccaro; that the defendant Bank had no notice prior to acting that the plaintiff had made a mistake; that the defendant Bank acted in good faith.

\* \* \* \* \*

"4. That the defendant Bank was under no duty to rescind the transaction at the time it received plaintiff's letter of instructions dated August 23, 1960 (Plaintiff's Exhibit 1); nor was defendant Bank under a duty to seize the money re-maining in defendant Vaccaro's checking account at the time it received said letter.

"5. That the defendant Bank has materially changed its position in good faith and in reliance upon the advice of credit received from said Bank of New York; and that the defendant Bank cannot be restored to its original position.

"6. That at no time material to the issues of this case was there any contract, agreement or understanding between plaintiff and defendant Bank concerning the disposition or use of the said Thirty Thousand and no/100 Dollars ($30,000.-00).

"7. That the said Bank of New York was not acting as the agent of the defendant Bank at any time material to the issues of this case.

"8. That the said McCabe was not acting as the agent of the defendant Bank at any time material to the issues of this case."

We hold that the findings of fact of the district court are supported by substantial evidence and are not clearly or at all erroneous and that the court's conclusions of law therefrom are proper.

Judgment affirmed.